UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

RODNEY WILLIAMS                                         CIVIL ACTION

VERSUS                                                          NO. 12-1259

MICHAEL J. ASTRUE, COMMISSIONER           SECTION "G" (3)
SOCIAL SECURITY ADMINISTRATION

REPORT AND RECOMMENDATION

Plaintiff filed this action pursuant to 42 U.S.C. § 405(g) for review of the final decision of

the Commissioner denying his application for disability insurance benefits ("DIB") under Title II

of the Social Security Act ("SSA") and supplemental security income benefits  ("SSI") under Title

XVI of the SSA.  The matter has been fully briefed on cross-motions for summary judgment and is

ripe for review.  For the following reasons, IT IS RECOMMENDED that plaintiff's motion for

summary judgment be DENIED, the Commissioner's cross-motion be GRANTED, and plaintiff's

case be DISMISSED WITH PREJUDICE.

I.       BACKGROUND

Plaintiff filed an application for DIB and SSI on March 11, 2010, alleging a disability onset

date of March 6, 2010. (Adm. Rec. at 153-63).  Plaintiff alleged disability due to a heart condition

(stent placement), numbness in his left arm with limited use, fainting spells, constant dizziness,

shortness of breath and swelling.  (*Id.* at 184, 223).   Plaintiff, born on February 6, 1965, was 45

years old on the date on which he alleged disability and 46 years old at the time of the final

administrative decision.  (*Id.* at 126).  Plaintiff has a high-school education and past relevant work experience as a construction worker, a stock clerk, an order filler, a building maintenance repairer and a coffee blender.  (*Id.* at 20-21).

Defendant initially denied plaintiff's application on July 8, 2010.  (*Id.* at 10).  Plaintiff sought an administrative hearing, which defendant held on March 2, 2011.  (*Id.* at 29-56).  Plaintiff and a vocational expert ("VE"), Kelly Saltz, testified at the hearing.

On March 23, 2011, the administrative law judge ("ALJ") issued a decision in which she found that plaintiff did not meet the definition of disability through the date of the decision.  (*Id.* at 10-22).  In the decision, the ALJ concluded that plaintiff has the severe impairments of status post cardiac stent placement, status post right popliteal artery percutaneous arthrectomy, and depression. (*Id.* at 12).  The ALJ held that plaintiff did not have an impairment or a combination of impairments that meets or medically equals a listed impairment under the regulations.  (*Id.* at 13).  The ALJ found that plaintiff retained the residual functional capacity ("RFC") to perform sedentary work activity. (*Id.* at 14).  He concluded that plaintiff is unable to perform any past relevant work.  (*Id.* at 20). Relying on the testimony of the VE, the ALJ determined that plaintiff can perform other work existing in significant numbers in the national economy.  (*Id.* at 21).  Specifically, the ALJ concluded that plaintiff can perform the jobs of receptionist/information clerk, interviewer, and general office clerk.  (*Id.* at 21-22).  The ALJ thus denied plaintiff's application for SSI.  (*Id.* at 22).

Plaintiff asked the Appeals Council to review the ALJ's conclusion that he is not disabled. On March 15, 2012, the Appeals Council denied plaintiff's request.  (*Id.* at 1-6). Plaintiff then timely filed this civil action.

II.     **STANDARD OF REVIEW**

The function of a district court on judicial review is limited to determining whether there is "substantial evidence" in the record, as a whole, to support the final decision of the Commissioner as trier of fact, and whether the Commissioner applied the appropriate legal standards to evaluate the evidence.  *See* 42 U.S.C. § 405(g); *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir.1999); *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir.1995); *Carriere v. Sullivan*, 944 F.2d 243, 245 (5th Cir.1991). If the Commissioner's findings are supported by substantial evidence, this Court must affirm them. *Martinez*, 64 F.3d at 173.

"Substantial evidence" is that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion.  *Richardson v. Perales*, 402 U.S. 389, 401(1971); *Masterson v. Barnhart,* 309 F.3d 267, 272 (5th Cir. 2002).   It is more than a scintilla, but may be less than a preponderance. *Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir.1993).  A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings exist to support the Commissioner's decision.  *See Boyd v. Apfel*, 239 F.3d  698, 704 (5th Cir. 2002).

A district court may not try the issues *de novo*, re-weigh the evidence, or substitute its own judgment for that of the Commissioner.  *Carey v. Apfel*, 230 F.3d 131, 135 (5th Cir. 2000); *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir.1995); *Spellman*, 1 F.3d at 360. The Commissioner is entitled to make any finding that is supported by substantial evidence, regardless of whether other conclusions are also permissible. *See Arkansas v. Oklahoma*, 503 U.S. (1992).  Conflicts in the evidence are for the Commissioner to resolve, not the courts.  *Carey,* 230 F.3d at 135.  Any of the Commissioner's findings of fact that are supported by substantial evidence are conclusive.  *Ripley*,

67 F.3d at 555. Despite this Court's limited function on review, the Court must scrutinize the record in its entirety to determine the reasonableness of the decision reached and whether substantial evidence exists to support it. *Anthony v. Sullivan*, 954 F.2d 289, 295 (5th Cir.1992); *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir.1990).

## III.   ENTITLEMENT TO BENEFITS UNDER THE ACT

To be considered disabled and eligible for disability benefits under the Act, plaintiff must show that he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant, such as the plaintiff, is considered disabled only if his physical or mental impairment is so severe that he is unable to do not only his previous work, but cannot, considering his age, education and work experience, participate in any other kind of substantial gainful work which exists in significant numbers in the national economy, regardless of whether such work exists in the area in which he lives, whether a specific job vacancy exists, or whether he would be hired if he applied for work. 42 U.S.C. § 1382(a)(3)(B). The Commissioner has promulgated regulations that provide procedures for evaluating a claim and determining disability. 20 C.F.R. §§ 404.1501 - 404.1599 & Appendices, §§ 416.901 t - 416.988 (1995). The regulations include a five-step evaluation process for determining whether an impairment prevents a person from engaging in any substantial gainful activity. *Id.* §§ 404.1520, 416.920; *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir.1994).

In *Shave v. Apfel*, 238 F.3d 592 (5th Cir.2001), the Fifth Circuit restated the five-step

4

procedure to make a disability determination under the Social Security Act:

> The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." To determine whether a claimant is disabled, and thus entitled to disability benefits, a five-step analysis is employed. First, the claimant must not be presently working at any substantial gainful activity. Second, the claimant must have an impairment or combination of impairments that are severe. An impairment or combination of impairments is "severe" if it "significantly limits [a claimant's] physical or mental ability to do basic work activities." Third, the claimant's impairment must meet or equal an impairment listed in the appendix to the regulations. Fourth, the impairment must prevent the claimant from returning to his past relevant work. Fifth, the impairment must prevent the claimant from doing any relevant work, considering the claimant's residual functional capacity, age, education and past work experience. At steps one through four, the burden of proof rests upon the claimant to show he is disabled. If the claimant acquits this responsibility, at step five the burden shifts to the Commissioner to show that there is other gainful employment the claimant is capable of performing in spite of his existing impairments. If the Commissioner meets this burden, the claimant must then prove he in fact cannot perform the alternate work.

*Shave*, 239 F.3d at 594 (quoting *Crowley v. Apfel*, 197 F.3d 194 (5th Cir.1999)).  If the ALJ determines that a plaintiff is not disabled under Step V of the five-part test, the ALJ must establish that the claimant has a "residual functional capacity," given the claimant's age, education, and past work experience, to perform other work available in the national economy.  *Leggett v. Chater*, 67 F.3d 558, 564 n.11 (5th Cir. 1995).  Step V also requires the Commissioner to use the medical-vocational guidelines to make his disability determination.  *Id.*

The four elements of proof weighed to determine whether evidence of disability is substantial are: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) claimant's subjective evidence of pain and disability; and (4) claimant's age, education, and work

history. *Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir.1995). "The Commissioner, rather than the courts, must resolve conflicts in the evidence." *Id*.

## IV.    ISSUES ON APPEAL

While both parties frame the issues differently, the Court finds that there is only one issue on appeal, as framed by plaintiff:

(1)    Whether the ALJ failed to accord the proper weight to the opinions of plaintiff's treating physicians.

## V.    ANALYSIS

### 1.    Whether the ALJ failed to accord the proper weight to the opinions of plaintiff's treating physicians.

It is well settled that the opinions, diagnoses and medical evidence of a treating physician who is familiar with the claimant's injuries, treatment, and responses should be accorded considerable weight in determining disability. *Scott v. Heckler*, 770 F.2d 482, 485 (5th Cir. 1985) (citing *Barajas v. Heckler,* 738 F.2d 641, 644 (5th Cir. 1984)); *Smith v. Schweiker*, 646 F.2d 1075, 1081 (5th Cir. 1981); *Perez v. Schweiker*, 653 F.2d 997, 1001 (5th Cir. 1981); *Fruge v. Harris*, 631 F.2d 1244, 1246 (5th Cir. 1980).   There are exceptions to this principle.   The ALJ may give less weight to a treating physician's opinion when (1) "there is good cause shown to the contrary," *Perez*, 653 F.2d at 1001; *Smith*, 646 F.2d at 1081; *Fruge*, 631 F.2d at 1246, as is the case when his statement as to disability is "so brief and conclusory that it lacks strong persuasive weight," *Warncke v. Harris*, 619 F.2d 412, 417 (5th Cir. 1980); *see also Oldham v. Schweiker*, 660 F.2d 1078, 1084–85 (5th Cir. 1981), is not supported by medically acceptable clinical laboratory diagnostic techniques, 20 C.F.R. § 404.1526 (1985), or is otherwise unsupported by the evidence. *E.g., Warncke*, 619 F.2d

at 417; *Oldham*, 660 F.2d at 1084.   The ALJ may also reject a treating physician's opinion if he

finds, with support in the record, that the physician is not credible and is "leaning over backwards

to support the application for disability benefits." *Scott*, 770 F.2d at 485 (citing *Whitney v.

Schweiker*, 695 F.2d 784, 789 (7th Cir.1982)).   However, an ALJ can not reject a medical opinion

without an explanation.   *Loza v. Apfel*, 219 F.3d 378, 395 (5th Cir. 2000) (citing *Strickland v.

Harris*, 615 F.2d 1103, 1110 (5th Cir. 1980)); *Goodley v. Harris*, 608 F.2d 234, 236 (5th Cir. 1979).

      Plaintiff argues that the findings of Dr. Richard Lee Burns, M.D. supports the conclusion that

he is disabled in that his major depressive disorder with psychotic features meets or equals the

criteria of Listing 12.03.   Burns examined plaintiff on September 15, 2010, October 6, 2010 and

January 26, 2011.   (Adm. Rec. at 736-38).   On December 7, 2010, after examining plaintiff twice,

Burns completed a check-box form in which he opined that plaintiff had delusions and auditory

hallucinations, a flat affect and emotional withdraw and/or isolation.   (*Id.* at 587).   Burns concluded

that plaintiff had an extreme restriction in his activities of daily living, a marked restriction in

maintaining social functioning and concentration, persistence and pace, and repeated episodes of

deterioration and/or decompensation.   (*Id.*).   Burns determined that plaintiff had a substantial loss

of ability to understand, carry out and remember simple instructions, make judgments that are

commensurate with the requirements of unskilled work, respond appropriately to supervision, co-

workers or usual work situations and deal with changes in a routine work setting.     (*Id.* at 588).

Lastly, Burns opined that "[h]e also suffers from severe depression as well."   (*Id.*).

      Plaintiff maintains that these conclusions support a finding of disability under Listing 12.03

and Social Security Ruling ("SSR") 96-9p.   But the Court finds that the ALJ – under these

circumstances – properly rejected the findings of Burns and relied on the findings of Sandra Durdin, Ph.D. And he had the authority to do so. *See Arkansas v. Oklahoma*, 503 U.S. (1992) ("The Commissioner is entitled to make any finding that is supported by substantial evidence, regardless of whether other conclusions are also permissible."). Burns provided no explanation for his findings other than the conclusory allegation that plaintiff has depression. (Adm. Rec. at 587-88). As the ALJ properly noted, Burns' treatment notes reveal that plaintiff complained of non-specific auditory hallucinations and had a sad mood and flat effect, but the mental status examination demonstrated that he was alert and oriented, cooperative, exhibited a good attention span and concentration and had reasonable recall of recent and remote events. (Adm. Rec. at 16, 739). Burns noted that plaintiff's insight and judgment were reasonably good. (*Id.* at 739). Burns also noted that plaintiff's "[i]ntelligence is probably about average and he has no psychomotor retardation." (*Id.*).

Burns prescribed Seroquel and Effexor to plaintiff. (*Id.* at 740). At his October 6, 2010 visit, Burns noted that plaintiff had a "good initial response." (*Id.* at 737). After his January 2011 visit, Burns noted that plaintiff was "doing much better," had a "good mood," and had only "mild depression." (*Id.* at 736). These findings ultimately contradict Burns' September 2010 assessment. (*Id.* at 739-40). The ALJ may reject a treating physician's opinion that is brief and conclusory (*i.e.*, revealed on a check-box form) or otherwise unsupported by substantial evidence. *Warncke*, 619 F.2d at 417. In addition, and noting plaintiff's "good initial response" to the prescription medication, the Court notes that a medical condition that reasonably responds to medications or therapy can not be considered disabling. *Lovelace v. Bowen*, 813 F.2d 55 (5th Cir. 1987).

Plaintiff's main argument here is that the ALJ erred when he substituted his own medical

8

opinion for that of Burns and that the ALJ's opinion and RFC assessment is unsupported by the evidence in the record. And while the Court recently found that plaintiff's argument had merit in another lawsuit, *see Cavin v. Astrue*, Civ. A. No. 12-1144, 2013 WL 2100525 (E.D. La. Apr. 3, 2013), *adopted by* 2013 WL 2100520 (E.D. La. May 14, 2013), the Court finds that the argument is not well-founded here under the facts of this case. The ALJ relied on the opinions of Sandra Durdin, Ph.D to support her conclusion here. Durdin performed a consultative psychological evaluation on plaintiff on January 12, 2008. (*Id.* at 343-45). Durdin's examination revealed that plaintiff had a normal affect and mood, he was alert and oriented in all spheres, his memory and cognitive skills were adequate, his thought content was logical and his attention and concentration were good. (*Id.* at 17, 344-45). Durdin opined that with sobriety, plaintiff could maintain attention to perform simple repetitive tasks for two hours at a time and sustain effort and persist at a normal pace over the course of a forty-hour workweek. (*Id.* at 17, 345). She also opined that he had a fair ability to relate to others, including supervisors and co-workers, and that he could tolerate the stress and pressure associated with day-to-day work activity and demands. (*Id.*). Such evidence supports the ALJ's conclusions and RFC assessment here.

Noting that he alleges a disability onset date of March 6, 2010, plaintiff contends that the opinions of Durdin are not relevant to the time period at issue here. But as the Comissioner correctly notes, "Even if a doctor's medical observations regarding a claimant's allegations of disability date from earlier, previously adjudicated periods, the doctor's observations are nonetheless relevant to the claimant's medical history and should be considered by the ALJ." *Hamlin v. Barnhart*, 365 F.3d 1208, 1215 (10th Cir. 2004); *see also Groves v. Apfel*, 148 F.3d 809, 811(7th Cir. 1998) (finding that

evidence submitted in earlier application for benefits is relevant to subsequent disability application when determining whether claimant is disabled by a progressive condition).  As the Commissioner correctly notes, Durdin's report reveals that plaintiff could meaningfully engage in work-related activities at a time when he was reportedly using alcohol and other substances.  (Adm. Rec. at 343-45).  It thus demonstrates that during his current application, when he denied using alcohol and other substances to Burns, he would be capable of performing work-related activity.[1]

Lastly, plaintiff, citing case law, contends that this Court must remand this lawsuit to the ALJ for further development because many of Burns' notes are illegible.  The ALJ twice noted that Burns' notes were largely illegible.  (*Id.* at 17).  The Court rejects this argument.  The ALJ, while indeed noting that Burns' notes were illegible, cited from the notes and could apparently decipher them.  Moreover, this Court has had no difficulty confirming the ALJ's citations from the notes.  It baffles this Court that while relying *solely* on Burns' notes to claim disability in this appeal, plaintiff has failed to explain why he did not provide a clarification of the notes to the ALJ or even to the Appeals Council after the ALJ rendered her decision.  And, in any event, plaintiff does not allege that any such clarification would support his claim for disability given that he has already cited this Court to all of the supporting evidence from Burns' notes.

---

[1]    The Court notes that plaintiff argues that the issue of his substance abuse was immaterial at the time of Burns' initial evaluation.  And while he argues that there may have been a "breakdown in communication" between him and Burns – *i.e.*, plaintiff might have understood "current" problems when Burns asked, "Any drug or alcohol problems?" – Burns was explicit: "He denies any *past* or present drug and alcohol problems."  (Adm. Rec. at 739) (emphasis added).  In any event, the ALJ relied on this statement as part of his credibility determination, an issue that plaintiff fails to brief.

## VI.  CONCLUSION

Accordingly,

**IT IS RECOMMENDED** that plaintiff's Motion for Summary Judgment be DENIED, the Commissioner's Cross-Motion be GRANTED and that plaintiff's case be DISMISSED WITH PREJUDICE.

### NOTICE OF RIGHT TO OBJECT

Objections must be: (1) specific, (2) in writing, and (3) served within fourteen (14) days after being served with a copy of this report.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 1(a), 6(b) and 72(b). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge; and (2) appellate review of the un-objected-to factual findings and legal conclusions accepted by the district court, except upon grounds of plain error.  *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this 31st day of May, 2013.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**